ANDREW J. MACTAGGART, as President of Marine Draftsmen's Association, Affiliated with Industrial Union of Marine & Shipbuilding Workers of America, et al., Appellants, *v.* GIBBS & COX, INC., Respondent.

First Department, June 3, 1952.

*Edwin B. Wolchok* of counsel (*Hyman N. Glickstein* and *Daniel W. Meyer* with him on the brief; *Boudin, Cohn* and *Glickstein,* attorneys), for appellants.

*Walter Gordon Merritt* of counsel (*Thomas P. Dwyer* with him on the brief; *McLanahan, Merritt & Ingraham,* attorneys), for respondent.

*Per Curiam.* The question before us on this appeal is whether the court at Special Term abused its discretion in dismissing an action for failure to prosecute for more than five years. We are required to weigh, on the one hand, plaintiffs' excuse for failing to proceed, and on the other hand, the prejudice to defendant by allowing the action to proceed at this late date.

The history of the case, so far as pertinent, shows that issue was joined in September, 1946; that several stipulations extending the time to serve an amended complaint were requested and signed, and that the time to file an amended complaint finally expired on January 2, 1947, without an amended complaint being served. Nothing whatever took place in the case thereafter, nor does it appear that plaintiffs gave any indication that the case was regarded as still alive, until defendant moved to dismiss for lack of prosecution on December 13, 1951. This motion prompted plaintiffs to serve and file a note of issue.

The excuse urged upon us for the delay in pressing the action is that counsel for the plaintiffs were engaged in another litigation involving the same issue and it was considered pointless to proceed with the present action until the law was deter-

mined in the prior action█ Two observations must be made in this connection.

The first is that the issues were not the same in the two cases, except perhaps as to a subsidiary question in the other litigation, and the decision in the other action would not have dictated the decision in the instant action. The prior case involved the construction of the Insurance Law and whether the defendant there, the Metropolitan Life Insurance Company, could legally make the payment for which suit was brought, which payment it was entirely willing to make if it was found authorized to do so. No question of authority was presented in the instant case, nor willingness of the defendant to pay. The question here was entirely one of obligation to pay. The outcome of the Metropolitan litigation, one way or the other, would not have determined the outcome of this suit.

The second observation to be made is that a year and a half elapsed after the determination of the Metropolitan litigation before any attempt was made to prosecute the present action.

We cannot, therefore, find plaintiffs' delay excusable. As to possible prejudice to the defendant by allowing the case to proceed now, it appears that plaintiffs' claims are for extra compensation for work performed from February, 1944, to December, 1945, in connection with contracts which defendant was performing for clients on a cost-plus-fixed-fee arrangement. Most of the contracts have long since been completed and payments made, and it is quite apparent, as defendant contends, that it would be difficult and in many cases impracticable, if not impossible, for defendant to recoup from its clients the amounts of the extra cost which would be occasioned by having to answer at this time for plaintiffs' claims.

On the whole, an affirmance of the orders appealed from is required, with $20 costs and disbursements to respondent.

PECK, P. J., COHN, VAN VOORHIS, SHIENTAG and HEFFERNAN, JJ., concur.

Orders unanimously affirmed, with $20 costs and disbursements to respondent.